IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MENTOR GRAPHICS CORPORATION,<br>an Oregon corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>EVE-USA, INC., a Delaware<br>Corporation, and EMULATION AND<br>VERIFICATION ENGINEERING,<br>S.A., formed under the laws of<br>France,<br><br>               Defendants. | No. CV-10-954-HU<br><br><br>ORDER |

HUBEL, Magistrate Judge:

    In this patent infringement action, defendants EVE-USA and EVE-SA, move to stay discovery pending resolution of their motion to dismiss for lack of personal jurisdiction, or alternative motion to transfer. I grant the motion in part and deny it in part.

    In its response to the motion to stay, plaintiff has agreed to stay all but jurisdictional discovery pending resolution of defendants' pending motion to dismiss or transfer. Thus, with regard to merits discovery, defendants' motion is granted.

1 - ORDER

Also in response to the motion to stay, plaintiff has narrowed its requested jurisdictional discovery to one interrogatory, five requests for production of documents, and four topics for deposition, for each of the defendants. Sapoznikow Declr. at ¶ 10. I deny defendants' motion as to these limited jurisdictional discovery requests.[1]

District courts have discretion in determining whether to permit jurisdictional discovery. Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008), cert. denied, 129 S. Ct. 1318 (2009). A court abuses its discretion if there is a clear showing "that denial of discovery results in actual and substantial prejudice to the complaining litigant. Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Id. (internal quotation omitted). However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (internal quotation omitted); see also Boschetto, 539 F.3d at 1020 (denial of the plaintiff's request for discovery, "which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion.").

---

[1] At oral argument on the motion to stay discovery, plaintiff's counsel recited a slightly different list of limited jurisdictional discovery requests: two interrogatories, five requests for production of documents, and one corporate deposition, for each defendant. The Court assumes the parties will resolve the discrepancy during the parties' discovery scheduling discussion.

2 - ORDER

1    Plaintiff cites to a District of Arizona case for the
2 proposition that "[a]lthough some courts require that a plaintiff
3 make a prima facie showing of jurisdiction prior to a court
4 allowing a party to conduct discovery, the Ninth Circuit does not."
5 Seaboard Sur. Co. v. Grupo Mexico, S.A., No. 06-0134, 2006 U.S.
6 Dist. LEXIS 31068, at *7 (D. Ariz. May 12, 2006).  In support, the
7 District of Arizona court cited cases from the Southern District of
8 California and the District of Idaho.  Id.  The court, quoting the
9 Southern District of California case, noted that because, in the
10 Ninth Circuit, a plaintiff may withstand a motion to dismiss for
11 lack of personal jurisdiction absent an evidentiary hearing by
12 making out a prima facie case of jurisdictional facts, it would be
13 "'counterintuitive to require a plaintiff, prior to conducting
14 discovery, to meet the same burden that would be required in order
15 to defeat a motion to dismiss.'"  Id. (quoting Orchid Biosciences,
16 Inc. v. St. Louis Univ., 198 F.R.D. 670, 673 (S.D. Cal. 2001))
17 (emphasis in Orchid Biosciences).
18    Rather than requiring a prima facie showing to justify
19 jurisdictional discovery, plaintiff argues that only a "colorable
20 basis of personal jurisdiction" is necessary.  In support,
21 plaintiff cites to a 2007 Central District of California case,
22 Mitan v. Feeney, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) ("In
23 order to obtain discovery on jurisdictional facts, the plaintiff
24 must at least make a 'colorable' showing that the Court can
25 exercise personal jurisdiction over the defendant.").
26    Defendants here criticize plaintiff's reliance on this
27 citation because the Mitan court cited a Seventh Circuit case, not
28 a Ninth Circuit case, in support of its "colorable" standard.

3 - ORDER

Mitan, 497 F. Supp. at 1119 (citing Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 946 (7th Cir. 2000)).  However, the Mitan court also cited to eMag Solutions, LLC v. Toda Kogyo Corp., 2006 WL 3783548, at *2 (N.D. Cal. Dec.21, 2006), which in turn explained that "[a]lthough the Ninth Circuit has not ruled directly on this question, . . . other circuits have held that a plaintiff is not entitled to discovery without making a colorable or prima facie showing of personal jurisdiction." (citing cases; footnote omitted).  The eMag court then cited Orchid Biosciences for the proposition that it would be "counterintuitive" to require a prima facie showing in order to obtain discovery to be used to make a prima facie showing to defeat a pending motion to dismiss.  eMag, 2006 WL 2783548, at *2.  The eMag court explained that it found "the reasoning of the Orchid Biosciences court to be persuasive" and that in "the absence of any definitive Ninth Circuit authority," the court had "discretion to permit limited jurisdictional discovery without a full prima facie showing of personal jurisdiction by the plaintiffs."  Id.

    Thus, Mitan, the case relied on by plaintiff for the "colorable" argument, did not rely solely on a Seventh Circuit case but instead, cited to other district court cases within the Ninth Circuit which supported its holding.  Importantly, defendants here cite to no Ninth Circuit authority expressly holding that a prima facie showing of personal jurisdiction is required to justify jurisdictional discovery.  I agree that the reasoning in Orchid Biosciences makes the most sense.

    Plaintiff articulates more than an attenuated basis for personal jurisdiction and puts forth more than "bare allegations."

4 - ORDER

Plaintiff relies on the Declaration of John Mawer, an employee of plaintiff's whose duties include the marketing, sales, and support of plaintiff's Veloce emulators.  He discusses emulators generally and explains how they are installed and the process of negotiating a sale.  He notes it takes months to negotiate the sale, and he describes the requirements of a technical evaluation.  He also discusses facts he learned in April and June 2010 regarding the parties' "common customer's" intended use of the product at issue. This is a sufficient "colorable" showing of personal jurisdiction to justify the limited jurisdictional discovery is seeks.

Plaintiff indicated at oral argument that it relies on the declaration of its own employee because defendants maintain non-disclosure agreements with their customers.  Defendants argued that assuming plaintiff was correct in its representation regarding such agreements, plaintiff was nonetheless required to attempt to obtain jurisdictional facts before filing the case and to plead its inability to obtain the relevant information in the Complaint should defendants refuse to provide it.  However, I note that the logical inference of defendants' motion to stay discovery is that any pre-filing inquiry by plaintiff to defendants or its Oregon customer regarding an impending sale of the product by defendants to the customer, would have been met with resistance. This further supports plaintiff's right to the limited jurisdictional discovery it now seeks.

Finally, at oral argument defendants noted that there are several specific facts regarding an offer to sell that are required to establish personal jurisdiction in an offer to sell infringement claim.  It is reasonable to allow plaintiff to obtain limited

5 - ORDER

jurisdictional discovery on these issues.

## CONCLUSION

Defendants' motion to stay discovery [25] is granted in part and denied in part.

IT IS SO ORDERED.

Dated this 15th day of December, 2010.

/s/ Dennis J. Hubel

---
Dennis James Hubel
United States Magistrate Judge

6 - ORDER