IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | | |
|---|---|---|
| MENTOR GRAPHICS CORP., an Oregon corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 10-CV-954-HU |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | |
| EVE-USA, INC, a Delaware corporation, and EMULATION AND VERIFICATION ENGINEERING, SA, formed under the laws of France | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

James E. Geringer
Patrick M. Bible
Klarquist Sparkman, LLP
One World Trade Center
121 S.W. Salmon St., Suite 1600
Portland, OR 97204
(503) 595-5300

George Riley
Kristin Hall
Luann Simmons
Mark Miller
Michael Sapoznikow
O'Melveny& Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8700

        Attorneys for Plaintiff


PAGE 1 - FINDINGS AND RECOMMENDATION

Dennis P. Rawlinson
Justin C. Sawyer
Miller Nash LLP
111 S.W. 5th Ave., Suite 3400
Portland, OR 97204
(503) 205-2406

Christen M.R. DuBois
Ricardo Rodriguez
Cooley LLP
Five Palo Alto Square
3000 El Camino Road
Palo Alto, CA 94306

     Attorneys for Defendant

HUBEL, Magistrate Judge:

     The matter before the court is Defendants' EVE-USA, Inc. and Emulation and Verification Engineering, SA.'s (collectively "EVE") Motion to Transfer Venue (doc. 75) of this action to the Northern District of California under 28 U.S.C. § 1404(a). For the following reasons, the court recommends that the motion be **DENIED**.

## <u>BACKGROUND</u>

     Mentor Graphics alleges EVE's "ZeBu Server" infringes Mentor Graphics' Patent No. 6,876,962 ('962 Patent). EVE denies the allegation and alleges Mentor Graphic's '962 patent is invalid.

     The issue is whether this case should be litigated in the District of Oregon where Mentor Graphics is incorporated and has its principal place of business, or in the Northern District of California where EVE is located.

PAGE 2 - FINDINGS AND RECOMMENDATION

## STANDARDS

Under 28 U.S.C. § 1404, courts have discretion to transfer an action if another venue serves the convenience of the parties and witnesses and the interests of justice. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). The proposed transferee district must be a district where the action might have been brought. 28 U.S.C. 1404(a). Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988).

When deciding whether to transfer a case, the court must balance the preference accorded the plaintiff's choice of forum with the burden of litigating in an inconvenient forum. Gherebi v. Bush, 352 F.3d 1278, 1302 (9th Cir. 2003). "A defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). After Congress enacted § 1404(a), however, "Plaintiffs' choice of forum, while still an important factor in the determination of a motion to transfer, is no longer given the overriding consideration it may have once enjoyed under the doctrine of forum non conveniens." Saleh v. Titan Corp., 361 F. Supp.2d 1152, 1156 (S.D. Cal. 2005). "Other factors are now given equal consideration when plaintiff brings suit outside his own home forum." Id.

The court must also consider both private and public interest factors affecting the convenience of the forum. Creative Tech.

PAGE 3 - FINDINGS AND RECOMMENDATION

Ltd. v. Aztech System Pte., Ltd., 61 F.3d 696. 703 (9th Cir. 1995).

Private interest factors include the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, the possibility of a premises view, and all other practical problems that make the trial of a case easy, expeditious and inexpensive. Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947).

Public interest factors include administrative difficulties arising from court congestion, the interest in having localized controversies decided locally, the court's familiarity with the applicable law, avoidance of unnecessary conflict of law problems, and the unfairness of burdening citizens in an unrelated forum with jury duty. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981).

## **FINDINGS**

### **Mentor Graphic's Choice of Forum.**

EVE asserts Mentor Graphic's choice of forum should not be accorded deference because the case should be tried "as close as possible to the milieu of the infringing device and the hub of activity centered around its production." Amazon.com v. Cendant Corp., 404 F. Supp.2d 1256, 1260 (W.D. Wa. 2005).

Mentor Graphics is an Oregon corporation and its choice to bring this action in this court is still entitled to substantial

deference.  Moreover, the parties agree the District of Oregon is a proper forum to litigate the parties' claims and counterclaims.

Accordingly, the court finds this factor weighs in favor of maintaining venue of this action in the District of Oregon.

**Private Interest Factors**.

**The Center of Gravity of the Alleged Infringement.**

The parties generally agree the place at the "center of gravity" or "center of accused activity" relating to the alleged patent infringement is the most appropriate location to litigate a patent infringement case.  "The district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production," <u>i.e.</u>, where the product was "developed, tested, researched and produced, and where the marketing and sales decisions occurred."). <u>Google, Inc. v. Traffic Information, LLC.</u>, 09-CV-642-HU, 2010 WL 743878 *6 (D. Or. Feb. 2, 2010); <u>see</u> <u>also</u> <u>Sorensen v. Daimler Chrysler AG</u>, 02-C-4752 MMC, 2003 WL 1888 *3 (N.D. Cal. 2003).  The parties, however, disagree where that center is in this case.

EVE contends the "center of accused activity" is the Northern District of California where its accused ZeBu Server was developed, tested, researched, manufactured, marketed, and sold.  In addition, EVE asserts the majority of its witnesses are located either in San Jose or France.  EVE also asserts the inventor of Mentor Graphics'

PAGE 5 - FINDINGS AND RECOMMENDATION

'962 Patent now lives in the Northern District of California. Thus, according to EVE, "the central facts of this case occurred in the Northern District of California.

Mentor Graphics, however, points out the "center of gravity" regarding the creation of EVE's ZeBu Server is not in the Northern District of California but in France, where EVE is located. Moreover, EVE's design, development and implementation of the ZeBU Server occurred primarily in France, and the documentation related to the hardware is located there.

The inventor of the '962 Patent for Mentor Graphics lives in France according to his March 7, 2011 declaration. He has expressed a willingness to travel to Oregon to testify in this matter.

EVE suggests this witness might change his mind about testifying in Oregon. EVE also suggests Mr. Reblewski owns property in the Northern District of California and EVE may be able to subpoena him there when and if he visits. I note, however, that if Mr. Reblewski decides not to come to Oregon to avoid testifying, he is equally likely to avoid the Northern District of California.

Under these circumstances, the court finds it is more likely the critical witnesses regarding the factual issues raised in this case are located either in France, where the ZEBU Server was invented, or in Oregon, where the allegedly infringed product was invented. In a perfect world, this factor might favor France as the appropriate venue to try this case instead of either Oregon or

PAGE 6 - FINDINGS AND RECOMMENDATION

the Northern District of California.  Venue of this action in France, however, is not an option.

**The Cost of the Litigation.**

EVE asserts lead counsel for both parties are located in the Northern District of California.  Accordingly, litigation expenses (travel, hotel costs, etc.) would be reduced by transfer of this case to that district.

Mentor Graphics asserts the costs of litigating in Oregon is not unduly burdensome and, in any event, EVE is merely trying to shift the additional costs to Mentor Graphics by requiring its witnesses and some counsel to travel to California.

The court finds this factor does not tip the balance in favor of venue in either the District of Oregon or the Northern District of California.

**Public Interest Factors**.

Mentor Graphics asserts the matter would likely proceed to trial more quickly in Oregon based on the average time from filing of the complaint to trial in each district (2.07 years in Oregon, 2.92 years in the Northern District of California).  In addition Oregon citizens have an interest in seeing the harm done to Mentor Graphics by EVE ended.

EVE does not identify any public interest factors that might favor venue of the trial of this case in the Northern District of California.

PAGE 7 - FINDINGS AND RECOMMENDATION

On this record, the court finds the public interest would be adequately be served by venue in either the District of Oregon or the Northern District of California.

### CONCLUSION

Based on the foregoing, the court concludes venue of this action is proper and appropriate in the District of Oregon pursuant to 28 U.S.C. § 1404 and this case should remain in this District.

### RECOMMENDATION

Accordingly, the court recommends the Motion of Defendants EVE-USA, Inc. and Emulation and Verification Engineering, SA. to Dismiss or to Transfer Venue (doc. 75) of this action to the Northern District of California be **DENIED**.

### SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due on April 28, 2011. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due on May 16, 2011, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this __8th__ day of April 2011.

/s/ Dennis Hubel

_____
Dennis James Hubel
United States Magistrate Judge

PAGE 8 - FINDINGS AND RECOMMENDATION