# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

**MENTOR GRAPHICS CORPORATION**,
an Oregon corporation,

                    **PLAINTIFF**,

          v.

**EVE-USA, INC.**, a Delaware Corporation, and
**EMULATION AND VERIFICATION
ENGINEERING, S.A.**, formed under the laws
of France,

                    **DEFENDANTS**.

No. 3:10-cv-954-HU

**SECOND AMENDED
STIPULATED
PROTECTIVE ORDER**

WHEREAS, the parties believe in good faith that certain information discoverable in this case consists of confidential information, including financial information, proprietary information, confidential sales information, and/or commercially valuable information that the respective parties maintain in confidence in the ordinary course of business;

WHEREAS, the parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harms to the disclosing party;

WHEREAS, the parties believe that good cause exists for the entry of this Stipulated Protective Order ("Protective Order"), which is narrowly tailored to protect the aforementioned confidential information of the parties.

By reason of the foregoing, the parties, by their counsel, jointly request that this Court enter the following Protective Order regarding confidential information in this matter.

To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the confidentiality of and rights to information and documents disclosed in connection with this litigation, the parties hereby stipulate to the following:

1.    ***Applicability of This Protective Order***. All testimony, information, things, and "Documents," as defined by Federal Rule of Civil Procedure Rule 34(a), filed with the Court or produced by any party or non-party in discovery in this action shall be eligible for protection by this Protective Order.

2.    ***Use of Information Produced Pursuant to This Order***. Testimony, information, things, and Documents produced or exchanged in discovery in this case and designated by a party or non-party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order, and all copies, notes, abstracts, excerpts, analyses, summaries, translations or other foreign language equivalents, or other

writings that contain, reflect or disclose such information (hereafter collectively referred to as "Designated Material") shall not be made available to any person or entity except as authorized under this Protective Order. Designated Material shall be used, by the party or parties to whom the information is produced, solely for the purpose of litigating this case, including appeals. Such information and material shall not be used or disclosed to any other person or entity for any other use or purpose, unless otherwise agreed in writing by the producing party or so ordered by a court. For purposes of this Protective Order, the party or non-party designating testimony, information, things or Documents as Designated Material is defined as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Designated Material for any purpose.

It shall not be a violation of this Order for a Party or a Party's attorneys to use knowledge regarding the existence or contents of Designated Material as a good faith basis for an allegation in other litigation, or to request the information in other litigation, provided that the confidentiality requirements of this Protective Order are maintained. If necessary under the law of the jurisdiction in which the other litigation is taking place requires local counsel to personally have a good faith basis for such allegations, the Confidential Information may be disclosed to local counsel so long as he or she signs a copy of this protective order and thereby agrees to its terms and he or she is subject to the personal jurisdiction of this court. Whether the Confidential Information must be produced, and how and if it can be used in that litigation are issues reserved to the tribunal in that jurisdiction to resolve according to its laws. In making a request for the production of Confidential Information in such other litigation, the Designated Material itself may not be filed with the other jurisdiction under seal or otherwise without an order of that tribunal or the written agreement of the Designating Party.

3.      ***"CONFIDENTIAL" Information***. A party or non-party may designate as "CONFIDENTIAL" any Document, written discovery response, material, item, deposition, hearing or information that is filed with the Court or produced in discovery in this action and all copies, notes, abstracts, excerpts, analyses, summaries, translations or other foreign language equivalents, or other writings that contain, reflect or disclose such information, and that contain information that is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G), under applicable state law as a trade secret, or under any qualified privilege recognized by the Federal Rules of Civil Procedure.

4.      ***"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information***. A party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Document, written discovery response, material, item, deposition, hearing or information that is filed with the Court or produced in discovery in this action and all copies, notes, abstracts, excerpts, analyses, summaries, translations or other foreign language equivalents, or other writings that contain, reflect or disclose such information, and that contain information that is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G), under applicable state law as a trade secret, or under any qualified privilege recognized by the Federal Rules of Civil Procedure that the disclosure of which, to persons other than those described in Section 7 below, the Designating Party in good faith believes would be likely to harm the Designating Party's competitive position. All parties will use reasonable care to limit their designations of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those Documents that they reasonably believe fall into this category.

5.      ***Designating and Marking Designated Material***. Designated Material shall be designated and marked, before production, as follows:

a.    A Document is to be designated as Designated Material by stamping or writing on it one of the following legends, or an equivalent thereof: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Whichever legend is used shall be placed on the first page of the Document and on each page that the Designating Party claims to contain Designated Material.

b.    Information or material produced in an electronic or magnetic medium (such as CD, DVD, floppy diskette or tape) is to be designated as Designated Material by marking or labeling the medium container with one of the legends specified in subsection 5(a) above. If any person or entity who receives such a designated magnetic medium prints or otherwise transfers to another medium any of the information contained on the magnetic medium, any resulting document or other medium shall be marked by that person or entity as Designated Material in accordance with subsection 5(a) above or this subsection 5(b).

c.    A physical exhibit is to be designated as Designated Material by affixing to it a label with one of the legends specified in subsection 5(a) above.

d.    A discovery response is to be designated as Designated Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Designated Material, one of the legends specified in subsection 5(a) above.

e.    The relevant confidential portions of a deposition transcript (including exhibits) are to be designated as Designated Material (i) by making a statement to that effect on the record, during the deposition, or (ii) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within ten (10) days after counsel for the Designating Party receives the

final deposition transcripts, a letter or other written notice designating the relevant portions or entirety of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The letter or other notice shall identify the appropriate level of confidentiality, and identify the pages and lines, and/or exhibits, to be Designated Material. Each copy of the transcript or videotape, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend specified in subparagraphs 5(a) or (b) above indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Protective Order. The court reporter and/or videographer shall separately bind any portion of the transcript of the deposition or hearing that has been designated to contain Designated Material. Copies of the separately bound portions of the transcript containing Designated Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Designated Material. In situations where the deposition transcript in question involves a number of responses that may contain Designated Material and it is impractical to designate the appropriate level of confidentiality after every response, a Designating Party may comply with this portion of the Protective Order by designating the entire deposition transcript as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and then, upon written request from any other party, lowering or removing the level of confidentiality for specific portions of the deposition transcript.

If a portion of a deposition is designated on the record, during the deposition, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the deposition shall continue, and if any persons not approved for access to Designated Material under this Protective Order are attending the deposition, they shall leave.

6

6.    ***Inadvertent Misdesignation***. A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or marks an item with an incorrect designation of confidentiality at the time of the production shall have ten (10) business days after its outside attorneys (excluding support staff) learn of the inadvertent failure or mistake to provide notice of said failure or mistake. The notice shall be made in writing. As soon as is reasonably practical after the notice is provided, the Designating Party shall provide substitute copies of each item, appropriately marked as the appropriate category of Designated Material. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof. Any inadvertent misdesignation does not waive the party's ability to designate such information in the future.

7.    ***Disclosure of Materials Designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."*** Information and material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

a.    Retained outside counsel of record for the parties to this litigation, and employees, or in-house contractors or vendors of such outside counsel (or such counsel's law firm) who work under the supervision of, and support such counsel, provided, however, that none has a financial interest in the outcome of the case and/or any relationship whatsoever, except for the relationship arising from work relating to the prosecution or defense of this litigation, to any party to this litigation;

     b.     If such material is produced in other litigation, it may disclosed only to those person ordered by the tribunal in which the other litigation proceeds;

     c.     Independent consultants or expert witnesses performing consulting or testifying services in connection with the prosecution or defense of this litigation, provided that each such person:

     i.     is not an officer, director, owner or employee of any party, and provided that each such person;

     ii.     executes a copy of the Consent attached to this Protective Order. Counsel disclosing Designated Material to consultants or expert witnesses pursuant to this section shall retain a copy of each executed Consent for production to opposing counsel upon the conclusion of this litigation or by order of the Court; and

     iii.     has been previously approved pursuant to the procedure in Section 11 below.

     d.     Third parties specifically retained to assist outside counsel in copying or computer coding of Documents provided that each such person executes a copy of the Consent attached to this Protective Order;

     e.     Third parties specifically retained by outside counsel in preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action provided that each such person executes a copy of the Consent attached to this Protective Order;

     f.     Third-party non-technical jury or trial consulting services, including mock jurors, or other counsel retained by the parties or by counsel who have not entered an appearance in this action, provided that each such person executes a copy of the Consent attached to this Protective Order;

     g.     Qualified persons taking or recording testimony involving Designated Material and their employees and their co-workers whose duties require access to Designated Materials;

     h.     The Court, Court personnel, and court reporters;

     i.     Any mediators and their personnel selected or appointed by the Court;

     j.     Deposition witnesses, where at least one of the following conditions applies:

     i.     the witness is an employee of the Designating Party when the disclosure is made;

     ii.     the attorney taking the deposition and showing the witness the Designated Material represents the Designating Party;

     iii.     the witness's name appears on the Designated Material as a person who has previously seen or received the Designated Material, or it is otherwise established that the witness has previously seen or received the Designated Material or knows the information contained within it;

     iv.     the Designating Party has consented on the record of the deposition to the showing of the Designated Material to the witness; or

     v.     at least three business days before the deposition, the party wishing to show the witness the Designated Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Designated Material to be shown, and the Designating Party fails to provide, within one business day of receipt of the notice, written objection to this use of Designated Material. If a timely written objection is provided, the Designated Material identified in the written objection shall not be shown to the witness unless and until the party

wishing to show that Designated Material to the witness moves for and obtains appropriate relief from the Court.

Witnesses being shown Designated Material under subsection (v) above must sign the Consent annexed to this Protective Order before being shown the Designated Material. Counsel defending the deponent to which Designated Material is disclosed during deposition shall provide to counsel for the Designating Party, prior to the start of the deposition, a copy of the executed Consent.

8.    ***Disclosure of Materials Designated as "CONFIDENTIAL."*** Materials designated as "CONFIDENTIAL" may be disclosed to any of the categories of persons designated in section 7 above, as well as to two (2) in-house counsel for each Party who are members of a United States state Bar or of the Bar of the District of Columbia and any administrative staff or paralegals who report to the designated in-house counsel, provided that each designated in-house counsel, before receiving the materials, sign a copy of the Consent attached to this Order and be identified by name and title to the Designating Party. Counsel disclosing materials designated as "CONFIDENTIAL" pursuant to this section shall retain a copy of each executed Consent for production to opposing counsel upon the conclusion of this litigation or by order of the Court.

9.    ***Access to Certain Materials Designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."*** Certain materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to the individuals named in Section 8, above, if the counsel wishing to provide such access notifies in writing the Designating Party, with a copy to all other parties, at least five (5) business days before allowing such access (or such shorter period to which the Designating Party agrees in writing). The following notification procedure

must be followed for disclosure hereunder of any and all materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," regardless of whether or how many times counsel has previously received permission to provide access to any of the individuals named in Section 8, above, for other Designated Materials.

a.    *Contents of the Written Notification*: Such written notice shall include the name of the in-house counsel to whom counsel wishes to provide access and must specify the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials by Bates number or other identifying feature to which access is sought.

b.    *Objections by Designating Parties*: Before the five (5) business day period from the receipt of the written notification has expired, a Designating Party may object in writing to the disclosure of the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials to the in-house counsel in question. If no such written objection is made within the five (5) business day period, then the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials may be disclosed to the in-house counsel in question. If an objection is made, the parties must first meet and confer in an attempt to resolve the objection. If the objection is not resolved within ten (10) business days of service of the notice of written objection to disclosure, the party seeking to permit access may file and serve a motion with respect to its objection. An identified in-house counsel shall not be provided access to any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials until a timely filed objection or motion challenging disclosure to that in-house counsel is resolved.

10.    ***Review of RTL, HDL or Source Code.*** All RTL or HDL code, source code or similarly sensitive code produced in this litigation ("Designated Code") shall be subject to the same restrictions as information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY," provided that the producing party designates such code as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." Only the code itself shall be so marked. Descriptions or summaries of RTL or HDL code, source code or similarly sensitive code shall not be marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." The following additional restrictions shall apply to code designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE":

      a.     Such code may be provided only to persons falling within the categories specified in Sections 7(a) – (i) of this Protective Order, subject to the Prosecution Bar of Section 12 j) of this Protective Order.

      b.     An electronic copy of such code may be installed on a standalone, non-networked computer at a secure location at the offices of the receiving party's outside counsel of record and at the offices of any pre-approved independent experts or consultants. All or portions of such code may be printed into a hard copy, provided that such hard copies are marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" and that access to such hard copies is restricted as set forth in this Section.

      c.     Outside Counsel of Record shall be limited to no more than three electronic copies of any item of Designated Code, including any copies shared with Experts.

      d.     Designated Code must be maintained and stored by the Receiving Party at an office of the Receiving Party's Outside Counsel of Record or an of office of an Expert in a manner that prevents unauthorized access, including without limitation, the following minimum safeguards:

      i.     The Designated Code shall be placed on encrypted, password-protected external media such as optical discs, flash drives, or hard drives.  Encryption shall be

by BitLocker, TrueCrypt, or other encryption means that are equally effective.  The Designated Code may only be viewed on a non-networked computer maintained in a locked room accessible only by Outside Counsel of Record or authorized Experts, and on an access restricted floor.  The external media must be kept in a locked safe or storage cabinet when not connected to or inserted in the non-networked computer for viewing.  No Designated Code may be left on the non-networked computer when the external media is not connected to or inserted in the non-networked computer.

ii.      If the Designated Code is to be maintained and stored at an office of an Expert, counsel must disclose to the supplying party the location where the Designated Code will be maintained, and the security precautions undertaken to maintain confidentiality of the Designated Code both while the Designated Code is being reviewed and while the Designated Code is not being reviewed.

iii.      Each page of Designated Code, or portion thereof, that has been printed or copied onto paper shall be recorded on a print log.  All printing and copying shall be onto paper conspicuously marked "HIGHLY CONFIDENTIAL - SOURCE DESIGNATED CODE" on each page.  All print logs shall be made available to the supplier of the Designated Code for inspection upon request.

iv.      No portion of the Designated Code shall be e-mailed or transmitted via any electronic transmission method except when included in a pleading (served or filed) or attached to a deposition transcript.  All transfers of Designated Code shall be by way of physical transfer of encrypted  external media.  Designated Code, other than that attached to a pleading (served or filed) or a deposition exhibit, shall not be placed on an FTP site or stored in an internet accessible location for any reason for any period of time.

e.    If counsel desires to store and access Designated Code at a secure facility other than the offices of Outside Counsel of Record or the office of an Expert, counsel shall provide notice in writing to outside counsel of record for the supplying party the precise location of the proposed secure facility and the custodian of the Designated Code in that facility.

f.    At the conclusion of the litigation any entity receiving Designated Code will certify that:  (a) all external media, print-outs, and copies containing Designated Code have been destroyed or erased in a manner that prevents any forensic recovery of the Designated Code, with the exception of exhibits that were attached to filed or served pleadings or attached to deposition transcripts or admitted into evidence; and (b) the print logs have been archived along with counsel's other records from this litigation.  Other than as set forth in this subparagraph, counsel may not maintain or retain a file copy of the Designated Code.

11.    ***Procedure for Qualifying Independent Experts and Consultants***. In order for an independent expert or consultant to be permitted access to Designated Material, the counsel wishing to provide such access must notify in writing the Designating Party, with a copy to all other parties, at least six (6) business days before allowing such access (or such shorter period to which the Designating Party agrees in writing). The identification of an expert or consultant pursuant to this Order shall not be construed as the identification of an expert trial witness under Federal Rule of Civil Procedure 26(a)(2), and shall not constitute a waiver of attorney work product protection or the attorney-client privilege.

a.    *Contents of the Written Notification*: Such written notice shall include the following: (1) the name of the expert or consultant; (2) the present and past employers and titles of the expert or consultant; (3) a copy of the executed Consent; (4) a current *curriculum vitae* that lists all employers and clients to whom the expert or consultant has provided services in the

past five (5) years and cases in which the expert or consultant has testified as an expert at trial or by deposition at any time.

b.    *Objections by Designating Parties*: Before the six (6) business day period from the receipt of the written notification has expired, a Designating Party may object in writing to the disclosure of Designated Materials to the expert or consultant in question. If no such written objection is made within the six (6) business day period, then Designated Materials may be disclosed to the expert or consultant in question. If an objection is made, the parties must first meet and confer in an attempt to resolve the objection. If the objection is not resolved within ten (10) business days of service of the notice of written objection to disclosure, the Objecting Party shall file and serve a motion with respect to its objection within seventeen (17) business days after service of the notice of written objection to disclosure. If the Objecting Party does not file the appropriate motion with the Court within that time, or within any additional time within which to move as may be granted by the Court or agreed to by stipulation of the parties, the Objecting Party waives its right to challenge the disclosure of Designated Material to the identified expert or consultant, and the Designated Material may then be disclosed to the identified expert or consultant. An identified expert or consultant shall not be provided access to any Designated Material until a timely filed objection or motion challenging disclosure to that expert or consultant is resolved.

c.    *Draft Expert Reports:* The parties agree that draft expert reports and attorney communications with experts will not be subject to discovery and shall not be admissible. But all materials that an expert relied on in connection with a submitted declaration, final expert report, tutorial or testimony shall be discoverable.

12.    ***Use of Designated Material by Designating Party***. Nothing in this Protective Order limits a party's ability to show materials which that party has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to whomever the Designating Party may deem appropriate. Further, nothing in this Protective Order limits a party's ability to show materials designated by another party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to the party that designated the materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," including any present officer, director, employee or representative thereof.

13.    ***Jurisdiction***. Each person receiving Designated Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

14.    ***Protecting Designated Materials***. Each person who receives any Designated Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

15.    ***Challenging Designation of Materials***. A party may challenge the designation of Designated Material according to the procedure described below or any other procedure permitted by the Court:

a.    If a party believes that material designated by another party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, that party

16

(defined as the "Challenging Party" for purposes of this section) shall serve a captioned notice of objection on all parties identifying with particularity the items to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. The parties shall then attempt in good faith to resolve such dispute informally.

b.      If the parties cannot resolve their dispute informally, the Challenging Party may file and serve a motion for an order that the material be redesignated. The Designating Party bears the burden to establish that the contested material is confidential and is entitled to the level of confidentiality selected by the Designating Party. The material involved shall be treated according to its original designation during the pendency of the challenge and shall remain effective until three business days after an order redesignating the materials.

16.      ***Submitting Designated Materials to the Court***. Designated Material shall be submitted to the Court under seal in accordance with the Court's procedures. Any party seeking to file a document under seal with the Court must consider, before filing the document under seal, redacting Designated Material as an alternative to filing under seal as contemplated by *Foltz v. State Farm Mutual Automobile Ins. Co*., 331 F.3d 1122 (9th Cir. 2003).

17.      ***Information Protected by Privilege, Work Product or Other Doctrine***. The disclosure of any testimony, information, thing or Document governed by this Stipulation and Order shall be without prejudice to any claim by the disclosing party or non-party that the disclosed material is privileged or work product within the meaning of Fed. R. Civ. P. 26, and no party or non-party shall be held to have waived any of its privilege or work product rights under Fed. R. Civ. P. 26 by such disclosure. If a disclosing party discovers that privileged or work product protected materials were inadvertently disclosed, that party must, within a reasonable time after the discovery of the inadvertent disclosure, inform each party to which the Documents

were disclosed in writing that such Documents were inadvertently disclosed and that the disclosing party is not waiving the privilege or work product protection on those materials. In addition to the provisions within this order, Federal Rule of Evidence 502 shall also apply to inadvertent disclosures in this case. Each such receiving party shall then take reasonable steps to ensure that all copies of those Documents are either (a) returned to counsel for the Designating Party or, upon consent of the Designating Party, (b) destroyed, with a certification in writing that the Documents have been destroyed. If data or information has been extracted or copied from a Document that is thus subsequently returned, that information and/or data shall be expunged and not used. To the extent, however, that, before being notified of the inadvertent disclosure, the receiving party has in good faith used such information and/or data in Documents filed with the Court or at depositions, the receiving party shall have no obligation to expunge such information and/or data from, or otherwise to alter, any such Document filed with the Court or the transcript of any such deposition. Pursuant to Federal Rule of Evidence 502(d), any disclosure under this Protective Order that does not result in a waiver of the attorney-client privilege or work product protection in connection with this case shall not constitute a waiver in any other Federal or State proceeding. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

18. ***Conclusion of Litigation***. All provisions of this Protective Order restricting the communication or use of Designated Material shall continue to be binding after the conclusion of this action, unless otherwise agreed by all the parties or ordered by the Court. No later than thirty days following the settlement or conclusion of the litigation, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(B)(1)-(3), a party in possession of

Designated Material, other than that which is contained in pleadings, correspondence, attorney files, and deposition transcripts, shall either (a) return such Documents to lead counsel for the Designating Party or, upon consent of the Designating Party, (b) destroy the Documents and certify in writing that the Documents have been destroyed, with the exception of one archival copy of pleadings, correspondence, work product, discovery responses (excluding documents received from opposing and third parties in response to document requests or subpoenas), depositions, deposition exhibits, expert reports, Court exhibits, and documents included in submissions to the Court which may be retained by outside counsel. A single copy of all Designated Material returned to lead counsel for the Designating Party shall be preserved and maintained by lead counsel for the Designating Party for at least five years from the conclusion of this action. Lead counsel agrees to remain subject to this Court's jurisdiction personally for the duration of the time he or she retains possession of the Designated Material.

19.    ***Use of Designated Material During Court Proceedings***. If any Designated Material is used in any Court pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Designated Material shall not lose its status as Designated Material through such use so long as the Court agrees. The parties shall take all steps reasonably necessary to protect the confidentiality of the Designated Material during any such use, including, but not limited to, requesting in camera proceedings. The terms of this Protective Order do not preclude, limit, restrict or otherwise apply to the use of Documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Designated Material at trial.

20.    ***Improper Disclosure of Designated Materials.*** If any Designated Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or

other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Designated Material that was improperly disclosed to that person, all copies made of the improperly disclosed Designated Material, and all Documents containing excerpts from or references to the improperly disclosed Designated Material. In the event that any person who has had access to Designated Material leaves the employ of a receiving party, the Designating Party shall be given written notice of such departure and written confirmation of that person's understanding that he or she remain bound by this Protective Order.

21.    ***No Waiver of Other Objections.*** This Protective Order is entered into without prejudice to (1) any party's claim as to the propriety or impropriety of this action or any of the claims asserted therein; (2) any party's right to assert objections to any discovery request propounded in this action; (3) any party's right to assert objections to the admissibility of any Designated Material in this action; and/or (4) any party's right to seek additional protections with respect to any information.

22.    ***No Admissions.*** Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential or a trade secret.

23.    ***Modification of Protective Order.*** Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

IT IS SO ORDERED.

Dated this _7th_ day of _October_, 2011.


/s/ Dennis J. Hubel
_____
Dennis James Hubel
Unites States Magistrate Judge

UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MENTOR GRAPHICS CORPORATION, an Oregon corporation, | Civil Action No. No. 3:10-cv-954-HU |
| Plaintiff, | |
| v. | |
| EVE-USA, INC., a Delaware Corporation, and EMULATION AND VERIFICATION ENGINEERING, S.A., formed under the laws of France, | |
| Defendants. | |

**CONSENT
ACKNOWLEDGMENT UNDER PROTECTIVE ORDER**

**OF** _____
**[NAME]**

I, _____, declare:

1.    My address is _____. My present

occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read

and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in

confidence, will not disclose to anyone other than those persons specifically authorized by the

Protective Order, and will not copy or use, except for purposes of this action, any Designated

Materials that I receive in this action.

4.    I do not have an ongoing relationship with any of the parties to this litigation or

with any competitor of any party to this litigation, and I am not a former agent, representative,

officer, director, attorney, employee or retiree of any party to this litigation (or any predecessor in interest of any party) except as follows:

5.      By executing this acknowledgment, I agree to submit to the jurisdiction of the United States District Court for the District of Oregon for purposes of enforcement of the terms of the Protective Order.

Executed this _____ day of _____, _____ at _____, _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[NAME]