IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MENTOR GRAPHICS CORPORATION,
an Oregon corporation,

        Plaintiff(s),

    v.

EVE-USA, INC, a Delaware corporation, et al.,

        Defendant(s).

No. 3:10-cv-00954-MO - (LEAD)
No. 3:12-cv-01500-MO

TRIAL MANAGEMENT ORDER

**MOSMAN, J.,**

1. Pretrial conference: June 9, 2014 at 2:00 p.m. in Judge Mosman's Courtroom #16.

2. 5-day jury trial date: June 16, 2014 at 9:00 a.m. in Judge Mosman's Courtroom #16.

3. <u>Pretrial Material Filing Deadlines (unless otherwise specified by a Rule 16 conference)</u>:

    a. **30 days before pretrial conference:**

        (1) Plaintiff's exhibit lists and judge's copies of exhibits;

        (2) Plaintiff's lay witness statements and expert reports pursuant to Fed. R. Civ. P. 26, if not previously provided under Rule 26 due to an agreement between the parties or by court order;

        (3) Any itemized list(s) of special damages.

PAGE 1 - TRIAL MANAGEMENT ORDER

    b.    **21 days before pretrial conference:**

        (1)    Defendant's exhibit lists and judge's copies of exhibits;

        (2)    Defendant's lay witness statements and expert reports pursuant to Fed. R. Civ. P. 26, if not previously provided under Rule 26 due to an agreement between the parties or by court order;

        (3)    Plaintiff's deposition designations (defendant's deposition designations due two days after plaintiff's submissions);

        (4)    Plaintiff's and defendant's trial memoranda.

    c.    **14 days before pretrial conference:**

        (1)    Plaintiff's and defendant's motions in limine and <u>Daubert</u> motions;

        (2)    Plaintiff's rebuttal exhibits;

        (3)    Plaintiff's rebuttal lay witnesses and expert reports pursuant to Fed. R. Civ. P. 26, if not previously provided under Rule 26 due to an agreement between the parties or by court order;

        (4)    Requested voir dire and joint jury instructions and verdict form;

        (5)    Plaintiff's and defendant's objections to the other party's exhibits, witnesses, and/or deposition designations;

    d.    **7 days before pretrial conference:**

        (1)    Responses to motions in limine.

        (2)    Plaintiff and defendant shall file responses to objections to exhibits, witnesses and deposition designations.

4.    Procedures: The original and one copy of all trial documents shall be filed with the court and copies served on all parties in the manner specified. Each item listed should be a separately

captioned and stapled document; do not staple different items together. Failure to comply with the court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial and/or other sanctions as appropriate.

      a.    <u>Exhibits and Exhibit Lists</u>:  Plaintiff's exhibits should be numbered and listed starting with "1".  Defendant's exhibits should be numbered and listed starting with "501".  The case number should be printed on each exhibit sticker.  If there are multiple parties or more than 500 exhibits per party, contact Dawn Stephens, Courtroom Deputy at (503) 326-8024 for number assignments.  Photographs, charts, and the like will be individually numbered unless they are of a specific set, in which case they will be given a lead number, with sequential destinations 50a, 50b, etc.  Exhibit lists must be complete and reflect all exhibits presented at trial.

      Copies of each numbered, copyable exhibit shall be supplied to the court and opposing counsel.  Original exhibits shall be submitted at the time of trial in compliance with the Pretrial Conference Order.  Both the original and the judge's copies of exhibits shall be three-hole punched and placed into binders with clearly marked index tabs.  All staples and clips shall be removed from the copies of the exhibits which are placed in the three-ring binders.

      Parties must seek leave of court to file supplemental exhibits after the exhibit deadline set forth above.  Any proposed supplemental exhibits must be separately captioned and  include a supplemental or revised exhibit list.

      Impeachment exhibits will be marked, sealed and delivered only to the court; each exhibit should be listed on your exhibit list as "Impeachment Exhibit."

      Even if exhibits are preadmitted at the pretrial conference, the exhibits must be "used" or "referenced" in order to be submitted to the jury during deliberations.

PAGE 3 - TRIAL MANAGEMENT ORDER

      b.    <u>Witnesses</u>:

          (1)    <u>Lay Witness</u>: List all parties, corporate representatives and other witnesses to be called, showing names and occupations, together with a statement setting forth the complete substance, not just the subject of the testimony. For example, do not say, "The witness will testify about the accident." Say, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour." Testimony at trial will be limited to subject matter identified in the witness statements, absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

Give a time estimate for the direct testimony of each witness. Names and statements of impeachment witnesses may be sealed and delivered only to the court.

          (2)    <u>Expert Witnesses</u>: Supply a written narrative statement or report of each expert, whether for the case in chief or rebuttal, setting forth qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. As with lay witnesses, any subject not covered by the narrative will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

The requirement for filing expert witness statements for purposes of trial does not replace or supersede a party's obligation to produce pertinent expert disclosure during the discovery phase of proceedings under Fed. R. Civ. P. 26.

          (3)    <u>Witnesses with Disabilities</u>: **10 days prior to trial**, designate all witnesses, parties or counsel who will be present at trial and who need accommodation for any disability; designate the specific requested accommodation.

      c.    <u>Depositions</u>: Deposition transcripts which are intended solely for possible impeachment purposes need not be filed with the court. Depositions offered in lieu of live testimony

must be submitted to the court with those portions sought to be admitted highlighted. Both the originals and court copies must be so highlighted. Should more than one party wish to utilize the same deposition in lieu of live testimony, a single deposition must be submitted jointly by the parties: each party should select a different color and should designate, on the single copy, those portions of the depositions it intends to use.

Deposition transcripts used in lieu of live testimony are generally not considered "exhibits" because they are read to the jury and are not sent to the jury during deliberations. Such depositions should be numbered and accompanied by a deposition list. If a party seeks to introduce a deposition transcript as an exhibit to go to the jury during deliberations, that transcript must be marked and included within the exhibit book.

d. <u>Itemized list of special damages</u>: Specify damages sought and how such damages will be proven -- i.e. through which exhibits and/or witness testimony.

e. <u>Trial Memoranda</u>: Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense. Trial memoranda are limited to 35 pages without prior approval.

f. <u>Motions in Limine</u>: All motions in limine and responses thereto shall be filed in a single document not to exceed 35 pages without leave of court. Separate motions shall be designated as subparts of the single document.

g. <u>Proposed voir dire questions</u>: If requested, the court will consider granting each party up to a total of 10 minutes voir dire following the court's questioning. If any voir dire is undertaken by counsel, it shall be restricted to those areas approved by the court and within the accepted proposed voir dire questions.

  h. <u>Proposed Joint Jury Instructions and Verdict Form</u>:  The parties shall submit a single set of jury instructions and a single verdict form.  The parties shall designate those instructions agreed upon; if the parties disagree in the form or content of any instruction, then two alternative proposed instructions may be submitted along with a brief analysis (which should include any relevant legal authority) as to why one instruction should be given over the other.  The same procedure should be followed relative to each question proposed within the verdict form.

  If there are more than 20 instructions, attach an index.  Local Rule 51 provides that each instruction shall be on a separate sheet of paper with authority in support of each principle.  Counsel need only submit proposed jury instructions specific to the issues in the pending case, including a "Job of the Jury" instruction that contains a short and plain statement of the jury's principal task and that describes the central issue or issues to be decided.  Where the topic is covered by 9th Circuit Model Jury Instructions or, in diversity cases, by Oregon State Bar UCJI, those model instructions should be used.  The preferred format for the submission of proposed instructions and objections is a three-ring binder containing an index of the submitted instructions that identifies which instructions are jointly submitted and which instructions are not agreed upon.  In addition, parties should file a copy of the proposed jury instructions on CM/ECF.

  i. <u>Objections to Witnesses or Exhibits</u>:  Objections to witnesses and/or exhibits must be specific and complete and must identify the exhibit or witness.  Responses to objections must be sufficiently specific to enable the court to provide a ruling.[1]

---

[1] Example:  Plaintiff objects to exhibit 301 (plaintiff's employment application) on grounds of relevance.  Plaintiff has stipulated to the effective date of her employment.  Response: Defendant offers this exhibit solely for the limited purpose of establishing that when she applied, plaintiff requested a swing shift assignment.  This evidence constitutes impeachment of plaintiff's anticipated direct testimony that her transfer from a day to night shift constituted an adverse action.

PAGE 6 - TRIAL MANAGEMENT ORDER

5.      During the pretrial conference, be prepared to discuss the following:

        (a)      Motions in limine and other objections to witnesses, depositions and exhibits.

        (b)      Voir dire questions.

        (c)      Peremptory challenge procedure.

        (d)      Jury instructions.

        (e)      Verdict form.

        (f)      Settlement and/or mediation efforts.

        (g)      Anticipated timetable.

        (h)      Courtroom presentations: graphics or exhibits during opening statement; demonstrative evidence (e.g., maps, summaries, models, computer animations, etc.); and equipment needs (e.g., lectern, digital projector, or DVD player).

6.      No exhibits or testimony will be received in evidence at trial nor the filing of amended pleadings or supplemental jury instructions allowed unless presented in accordance with this order. Late submissions will not be accepted absent a strong showing of good cause.

7.      Please refer to the Trial Court Guidelines for U. S. District Court of Oregon, on the court's WEB site: **http://www.ord.uscourts.gov/en/tutorials-practice-tips/trial-court-guidelines**

      IT IS SO ORDERED.

      DATED this   15th   day of January, 2013.

      /s/ Michael W. Mosman
      MICHAEL W. MOSMAN
      United States District Judge