**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **MENTOR GRAPHICS CORPORATION**, an Oregon Corporation, | Case No. 3:10-cv-954-MO (lead)<br>Case No. 3:12-cv-1500-MO |
| Plaintiff/Counter-defendant, | Case No. 3:13-cv-579-MO |
| v. | |
| **EVE-USA, INC.**, a Delaware corporation; and **SYNOPSYS EMULATION AND VERIFICATION S.A.,** formed under the laws of France, | OPINION AND ORDER |
| Defendants/Counter-claimants. | |
| **EVE-USA, INC.**, a Delaware corporation; and **SYNOPSYS EMULATION AND VERIFICATION S.A.**, formed under the laws of France, | |
| Plaintiffs/Counter-defendants | |
| v. | |
| **MENTOR GRAPHICS CORPORATION**, an Oregon corporation, | |
| Defendant/Counter-claimant. | |

1 – OPINION AND ORDER

**MOSMAN, J.**,

EVE-USA, Inc., and Synopsys Emulation and Verification S.A. (collectively, "Synopsys") move for partial summary judgment on Mentor Graphics Corporation's ("Mentor Graphics") counterclaims in case no. 13-579 on grounds of claim preclusion. (Mot. [371] at 2.)[1] I took the motion under advisement [416] after hearing oral argument on September 24, 2013. On March 5, 2014, I ordered [482] supplemental briefing on the question whether the ZeBu emulators at issue in Mentor Graphics's counterclaims are "essentially the same" as those it accused of patent infringement in a 2006 action against EVE-USA, Inc. Mentor Graphics's supplemental brief also raises the issue of whether, in light of recent Federal Circuit opinions, the claim preclusion inquiry no longer turns on whether the presently and formerly accused products are "essentially the same." (Supp. Opp. [490] at 2–4.) I now GRANT Synopsys's motion.

For at least two decades, the Federal Circuit has held that judgment on a claim of infringement against a product bars a later infringement claim against a different product if the two products are "essentially the same." *Nystrom v. Trex Co., Inc.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009); *Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1379 (Fed. Cir. 2008); *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 479–80 (Fed. Cir. 1991). By contrast, in two recent, three-judge panel opinions, the court has held that claim preclusion does not bar an infringement claim against a product that did not exist as of the prior judgment, "essentially the same" or not. *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1054 (Fed. Cir. 2014); *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1342 (Fed. Cir. 2012). Synopsys correctly observes that the *Foster* line of cases cannot be reconciled with *Aspex* and *Brain Life*. (Supp. Resp. [502] at 2–3.) Because one three-judge panel cannot overrule another, *Newell Cos., Inc. v. Kenny Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988), *Foster* controls until the Federal Circuit sitting *en banc* says

---

[1] All docket numbers refer to the lead case, no. 10-954.

2 – OPINION AND ORDER

otherwise.  Mentor Graphics's counterclaims are barred if they accuse products that are "essentially the same" as those accused in the 2006 action.

The evidence that the parties have presented permits only one conclusion: the presently and formerly accused ZeBu emulators are "essentially the same."  Mentor Graphics identifies only two new features of the modern emulators:  a user-friendly software tool for generating "transactors" called ZEMI-3 and a device allowing multiple ZeBu units to function as a single emulator called Fast Internal Bus.  (Supp. Opp. [490] at 6–9.)  Synopsys correctly observes that neither of these features materially alters the manner in which the newer ZeBu emulators allegedly practice Mentor Graphics's patents.  (Supp. Resp. [502] at 6–9.)

Synopsys's Motion for Partial Summary Judgment [371] is GRANTED.  Claim preclusion bars Mentor Graphics's counterclaims [382] to the extent that they allege infringement of U.S. Patent Nos. 6,009,531 and 5,649,176.

IT IS SO ORDERED.

DATED this   4th   day of June, 2014.

                                                /s/ Michael W. Mosman
                                                MICHAEL W. MOSMAN
                                                United States District Judge