UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MENTOR GRAPHICS CORPORATION**, an Oregon corporation,<br><br>　　　　Plaintiff/Counter-defendant,<br><br>　　v.<br><br>**EVE-USA, INC.**, a Delaware corporation; and **SYNOPSYS EMULATION AND VERIFICATION S.A.,** formed under the laws of France,<br><br>　　　　Defendants/Counter-claimants.<br><br>**EVE-USA, INC.**, a Delaware corporation; and **SYNOPSYS EMULATION AND VERIFICATION S.A.**, formed under the laws of France,<br><br>　　　　Plaintiffs/Counter-defendants<br><br>　　v.<br><br>**MENTOR GRAPHICS CORPORATION**, an Oregon corporation,<br><br>　　　　Defendant/Counter-claimant. | Case No. 3:10-cv-954-MO (lead)<br>Case No. 3:12-cv-1500-MO<br>Case No. 3:13-cv-579-MO<br><br>OPINION AND ORDER |

1 – OPINION AND ORDER

**MOSMAN, J.**,

EVE-USA, Inc., and Synopsys Emulation and Verification S.A. (collectively, "Synopsys") moved for partial summary judgment in case no. 13-579.  In particular, Synopsys contended that claim preclusion bars Mentor Graphics Corporation's ("Mentor Graphics") counterclaims of infringement of U.S. Patent Nos. 6,009,531 (the "'176 Patent") and 5,649,176 (the "'531 Patent").  (Mot. [371] at 2; [1] *see* Answer [382] ¶¶ 107–124.)  On June 4, 2014, I granted the motion.  (Op. & Order [524] at 3.)  Now, Mentor Graphics moves [550] for entry of judgment under Rule 54(b) of the Federal Rules of Civil Procedure, or, in the alternative, certification of an interlocutory appeal under 28 U.S.C. § 1292(b).  For the reasons stated below, I DENY the motion.

## I.   Entry of Judgment Under Rule 54(b)

A district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The judgment must be based on "a decision upon a cognizable claim for relief," and it must represent "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation omitted).  In determining whether no just reason for delay exists, the court should consider "judicial administrative interests as well as the equities involved," including "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Id.* at 8.  The district court should act as a "dispatcher," exercising its discretion to

---

[1] Unless otherwise indicated, all docket numbers refer to the lead case, no. 10-954.

2 – OPINION AND ORDER

"determine the appropriate time" to ready a final decision for appeal. *Id.* (internal quotation omitted).

Mentor Graphics has not shown that there is no just reason for delay here. My June 4 order meets the finality requirement, because it finally disposed of Mentor Graphics's counterclaims for infringement of the '176 and '531 Patents. However, entering judgment on these counterclaims carries a risk of duplicative, piecemeal appeals. In addition to the two counterclaims addressed in Synopsys's summary judgment motion, Mentor Graphics asserts a counterclaim for infringement of U.S. Patent No. 6,240,376 (the "'376 Patent"). (Answer [382] ¶¶ 125–133.) Mentor Graphics also asserted this patent in the 2006 action whose dismissal gave rise to claim preclusion. *See* First Amended Complaint ¶¶ 16–31, Mentor Graphics v. EVE-USA, Inc., No. 06-341 (D. Or. May 19, 2006), ECF No. 10. Indeed, Synopsys expressly "reserve[d] the right to seek a ruling that res judicata bars Mentor [Graphics]'s assertion of the '376 Patent in the future." (Mem. in Supp. [372] at 4 n.2.) If this Court enters judgment and Mentor Graphics seeks review of my conclusion that claim preclusion bars Mentor Graphics's counterclaims of infringement of the '176 and '531 Patents, and Synopsys later asserts that Mentor Graphics's claim of infringement of the '376 Patent is barred by the same doctrine, the Federal Circuit might face two appeals concerning an identical issue. This danger of duplicative appeals, combined with a trial date less than two months away, persuades me that entry of judgment is not appropriate at this time.

## II.     Interlocutory Appeal Under 28 U.S.C. § 1292(b)

Generally, a party may take an appeal only from "a final decision" of a district court. *See* 28 U.S.C. §§ 1291, 1295(a)(1), (2). Notwithstanding this general rule, a district court may certify an interlocutory order for immediate appeal if it "involves a controlling question of law as

to which there is substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Regardless of whether these requirements are met, however, "if an order is final under Section 1291, Section 1292(b) cannot apply and resort must be had to Rule 54(b)." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003) (internal quotation omitted).

Here, both parties agree that my June 4, 2014, order was a "final decision" with regard to Mentor Graphics's counterclaims of infringement of the '176 and '531 Patents. (Opp'n [579] at 5; Reply [588] at 4.) Certification of an interlocutory appeal under § 1292(b) is therefore inappropriate.

Accordingly, Mentor Graphics's Motion for Entry of Judgment Under Fed. R. Civ. P. 54(b) or for Certification Under 28 U.S.C. § 1292(b) is DENIED in its entirety.

IT IS SO ORDERED.

DATED this   23rd   day of August, 2014.

        /s/ Michael W. Mosman
        MICHAEL W. MOSMAN
        United States District Judge