SYNOPSYS' OBJECTIONS TO DRAFT PRELIMINARY JURY INSTRUCTIONS,
DRAFT FINAL JURY INSTRUCTIONS, AND DRAFT VERDICT FORM

| Instruction/Verdict Form Question | Objection | Brief Analysis |
|---|---|---|
| **Draft Preliminary Instructions**<br>No. 3 – Claims and Defenses<br><br>**Draft Final Instructions**<br>No. 7 – Summary of Contentions<br><br>No. 13 – Direct Infringement<br><br>No. 17 – Damages – Generally<br><br>**Verdict Form Questions 1-3** | Does Not Identify Specific Features: Synopsys objects to these draft instructions because they instruct the jury that Mentor accuses the ZeBu emulators as a whole of infringement, but Mentor accuses only two specific features: flexible probes and value change probes. The jury instructions should specifically identify the accused features in order to ensure that the jury is not confused. | The jury should be asked to determine infringement based on the two specific features of the ZeBu emulation systems that Mentor accuses of infringing (i.e., flexible probes and value change probes). Mentor does not dispute that it has accused two, and only two, features of the Synopsys emulation devices.<br><br>Instructing the jury about individual infringement features makes practical sense and matches the facts of the case. It makes practical sense for the same reason identifying these features on the verdict form makes sense—a more precise instruction will allow the jury to better understand the issues. Mentor's vague instruction leaves everyone in the dark and will lead to further disputes in the future.<br><br>Identifying specific features in the jury instructions also matches the facts of the case. There is no dispute that the only two features that Mentor contends infringe the '376 are the flexible probes and the value change probes. If these features did not exist, Mentor's case would disappear. Synopsys' ZeBu emulators contain hundreds if not thousands of features and can be operated in ways that do not involve flexible probes or value change probes. In fact, flexible probes and value change probes are both turned off by default. And Synopsys' Rule 30(b)(6) witness testified at deposition that "only a small minority" of emulation runs on a ZeBu system even use flexible probes. |
| **Draft Preliminary Instructions**<br>No. 5 – Burden of Proof – Preponderance of the Evidence | Instructs the Jury on Willfulness: Synopsys objects to these instructions because they include an instruction on willfulness, but Mentor is not entitled to willfulness damages as a matter of law.<br><br>To the extent the Court includes a willfulness instruction, | Synopsys contends that willfulness may be decided by the Court before trial as a matter of law. *See* Synopsys' Motion *in Limine* No. 3 (Dkt. 619 at 15-18); Synopsys' Response to Mentor's Supplemental Briefing on Alleged Willful Infringement (Dkt. 677). Accordingly, the jury should not be instructed on willfulness. |

1

SYNOPSYS' OBJECTIONS TO DRAFT PRELIMINARY JURY INSTRUCTIONS,
DRAFT FINAL JURY INSTRUCTIONS, AND DRAFT VERDICT FORM

| Instruction/Verdict Form Question | Objection | Brief Analysis |
|---|---|---|
| **Draft Final Instructions No. 7 – Summary of Contentions**<br><br>**No. 16- Willful Infringement**<br><br>**Verdict Form Question 6** | Synopsys also objects that such instruction does not clarify that (1) willfulness normally depends on conduct before the filing of the lawsuit (September 27, 2012), and (2) the jury can consider Mentor's failure to move for a preliminary injunction in determining whether there was willfulness. | |
| **Draft Final Instructions Nos. 17 - 24**<br><br>**Verdict Form Question 4** | Instructs the Jury on Lost Profits: Synopsys objects to these instructions because they instruct the jury on lost profits, but Mentor should not be permitted to recover lost profits.<br><br>To the extent the Court instructs the jury on lost profits, Synopsys objects to the instructions as set forth below. | Synopsys contends that Mentor cannot recover lost profits because, *inter alia*, Mentor's expert did not disclose a lost profits opinion under the correct legal standard, Mentor did not otherwise disclose lost profits evidence during discovery, and Mentor cannot prove that it possesses the requisite manufacturing capacity. *See* Synopsys' Motion *in Limine* Nos. 1 and 2 (Dkt. 619 at 2-15); Synopsys' *Daubert* Motion (Dkt. 616). |
| **Draft Final Instructions No. 18 – Lost Profits – "But For" Test** | Instructs that the EMVR is a "way" for Mentor to recover lost profits: Synopsys objects to this instruction because it provides that the EMVR is a separate path for lost profits as opposed to a way to calculate them. This instruction invites jury confusion and is an incorrect statement of the law of lost profits. | The draft instruction deviates from the model instruction by adding a second path to lost profits, namely under the entire market value exception (EMVE). Such an instruction is plain legal error. The EMVE is a method to *calculate* lost profits by extending the base of the calculation to non-patented components, but it is not a method to *prove* them. The EMVE is not a method of establishing lost profits, it is merely a "narrow exception" to the general rule that a patentee may not be compensated for non-infringing components. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012); *VirnetX, Inc. v. Cisco Systems, Inc.*, No. 2013-1489, 2014 U.S. App. LEXIS 17748, (Fed. Cir. Sept. 16, 2014). In other words, if a patentee demonstrates it is entitled to damages, the EMVE is a second hurdle a patentee can try |

SYNOPSYS' OBJECTIONS TO DRAFT PRELIMINARY JURY INSTRUCTIONS,
DRAFT FINAL JURY INSTRUCTIONS, AND DRAFT VERDICT FORM

| Instruction/Verdict Form Question | Objection | Brief Analysis |
|---|---|---|
| | | to satisfy to obtain damages for items which are normally outside the scope of patent damages. Indeed, this rule applies both to damages under lost profits or reasonable royalty. See id. Mentor's suggestion that it can show lost profits merely by showing that features function together and drive demand says nothing about whether it would have made any sales but for the infringement, whether it had capacity to make those sales, and what its profit would have been. Indeed, Mentor's expert never opined that Mentor is entitled to lost profits based on the EMVE; he only used the four factors in the first test then failed to do any apportionment of Mentor's claimed lost profits. |
| **Draft Final Instructions No. 19 – Lost Profits - Demand** | **Permits "demand" to be shown through less than significant sales:** Synopsys objects to this instruction because it deviates from the model instruction in that it does not require sales to be "significant." | The model instruction reads:<br><br>  Demand for the patented product can be proven by significant sales of a patent holder's patented product or significant sales of an infringing product containing the patented features.<br><br>Synopsys proposes keeping the model instruction as Mentor has not shown a need to modify it. |
| **Draft Final Instructions No. 23 – Lost Profits – Market Share** | **Does not include instruction on two-supplier market:** Synopsys objects to this instruction because it does not contain an instruction of what Mentor must prove to demonstrate that Intel is a two-supplier market, a key issue in this case. | |
| **Draft Final Instructions No. 24 – Lost Profits – Collateral Sales** | **Misstates the Legal Standard for Collateral Sales:** Synopsys objects to this instruction because it misstates the legal standard for collateral sales, stating that items that are "normally sold together" may be included in a damages base. | This draft instruction deviates substantially from the model instruction and contradicts Federal Circuit case law. Synopsys proposes using the model instruction from the Federal Circuit Bar Association nearly verbatim and in its entirety. Mentor proposes deviating from the instruction based on a 1992 district court decision from Illinois and a 1985 Federal Circuit decision. *See United Ristvedt Johnson, Inc. v. Brands, Inc.*, 805 F. Supp. 557, |

SYNOPSYS' OBJECTIONS TO DRAFT PRELIMINARY JURY INSTRUCTIONS,
DRAFT FINAL JURY INSTRUCTIONS, AND DRAFT VERDICT FORM

| Instruction/Verdict Form Question | Objection | Brief Analysis |
|---|---|---|
| | | 565 (N.D. Ill. 1992); *Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.*, 761 F.2d 649, 656 (Fed. Cir. 1985). <br><br> The primary issue is when a patentee may recover damages for unpatented features or products. Mentor argues that such damages are appropriate when a patented product and unpatented product are merely "sold together." The controlling case law, articulated by the Federal Circuit sitting *en banc* 10 years after the decision Mentor cites, applies the standard in the model instruction – namely, that the entire market value rule applies "only in situations in which the patented and unpatented components were analogous to a single functioning unit." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1550 (Fed. Cir. 1995) (en banc). In reviewing prior case law, the Federal Circuit further stated that "[o]ur precedent has not extended liability to include items that have essentially no functional relationship to the patented invention and that may have been sold with an infringing device only as a matter of convenience or business advantage." *Id.* at 1550 (emphasis added). The Federal Circuit's en banc decision in Rite-Hite cites the applicable standard and expressly rejects that a patentee may recover damages for items sold "only as a matter of convenience or business advantage," *id.*, as Mentor now proposes. |
| **Draft Final Instructions** <br> **No. 26 - Reasonable Royalty – Definition** <br><br> **No. 27 – Reasonable Royalty – Relevant Factors** | Incorrect Hypothetical Negotiation: Synopsys objects to these instructions because they identify the hypothetical negotiation as being between Mentor and Synopsys, not Mentor and EVE, which should be the date if the Court accepts Synopsys' argument that the correct date is June 2006. Synopsys understands the Court has rejected this argument and raises it here for preservation purposes. Synopsys does not propose an alternative instruction beyond the one in Dkt. 593. | Determining the date of a reasonable royalty analysis in a hypothetical negotiation is "essential for properly assessing damages." *LaserDynamics*, 694 F.3d at 75 (vacating damages award because the district court determined an incorrect hypothetical negotiation date). The Federal Circuit has "consistently adhered" to the principle that "the date of the hypothetical negotiation is the date that the infringement began." *Id.* (citation omitted). The Federal Circuit has also directed that courts |

SYNOPSYS' OBJECTIONS TO DRAFT PRELIMINARY JURY INSTRUCTIONS,
DRAFT FINAL JURY INSTRUCTIONS, AND DRAFT VERDICT FORM

| Instruction/Verdict Form Question | Objection | Brief Analysis |
|---|---|---|
| | | should use "only a single hypothetical negotiation date, not separate dates for separate acts of infringement." *Id.* at 76.<br><br>Here, Dr. Degnan's assumption that the hypothetical negotiation would have occurred on October 4, 2012 is flawed for several reasons. The hypothetical negotiation date is the date of first infringement. *Id.* at 75. Although there was a license in place from December 12, 2006 to October 4, 2012, the date of first infringement here was before that license was in place. Dr. Degnan's own opinion confirms this. He uses June 15, 2006 as the date of first infringement for the negotiation date of the '882 patent, the date that EVE introduced ZeBu XXL. Indeed, Mentor even accused Synopsys of infringing the '376 patent in the 2006 case. |
| **Proposed New Instructions**<br><br>**Apportionment**<br><br>**30(b)(6) Witnesses**<br><br>**Failure to Call a Witness**<br><br>**Clear and Convincing Evidence** | <u>Apportionment and EMVE:</u>  Synopsys proposes adding an instruction on apportionment and the EMVE, which is shown as New Instruction 24.5 – Lost Profits – Apportionment and Entire Market Value Exception."<br><br><u>30(b)(6) Testimony:</u>  Synopsys proposes adding an instruction on 30(b)(6) testimony as shown in the attached list of proposed instructions.<br><br><u>Failure to Call a Witness:</u>  Synopsys proposes adding an instruction on the failure to call a witness.<br><br><u>Clear and Convincing Evidence:</u>  Synopsys proposes adding an instruction on clear and convincing evidence. | |