JAMES E. GERINGER (OSB No. 951783) – james.geringer@klarquist.com
PATRICK M. BIBLE (OSB No. 020323) – patrick.bible@klarquist.com
MARK W. WILSON (OSB No. 091596) – mark.wilson@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

GEORGE A. RILEY (*pro hac vice*) – griley@omm.com
MARK E. MILLER (*pro hac vice*) – markmiller@omm.com
GEOFFREY H. YOST (*pro hac vice*) – gyost@omm.com
MICHAEL SAPOZNIKOW (*pro hac vice*) – msapoznikow@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700

Attorneys for
MENTOR GRAPHICS CORPORATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **MENTOR GRAPHICS CORPORATION**, an Oregon corporation,<br><br>    **Plaintiff and Counter-Defendant**,<br><br>                v.<br><br>**EVE-USA, INC.**, a Delaware corporation, and **SYNOPSYS EMULATION AND VERIFICATION S.A.**, formed under the laws of France,<br><br>    **Defendants and Counter-Plaintiffs**. | Civil Action No. 3:10-CV-954-MO (LEAD)<br>Civil Action No. 3:12-CV-1500-MO<br>Civil Action No. 3:13-CV-579-MO<br><br>**MENTOR GRAPHICS' OBJECTIONS TO DRAFT FINAL JURY INSTRUCTIONS** |
| **SYNOPSYS, INC.**, a Delaware corporation, **EVE-USA, INC.**, a Delaware corporation, and **SYNOPSYS EMULATION AND VERIFICATION S.A.**, formed under the laws of France,<br><br>    **Plaintiffs and Counter-Defendants**,<br><br>                v.<br><br>**MENTOR GRAPHICS CORPORATION,** an Oregon corporation,<br><br>    **Defendant and Counter-Plaintiff**. | |

**Instruction No. 1: Duty of the Jury**

No objection.

**Instruction No. 2: Preponderance of the Evidence**

No objection.

**Instruction No. 3: What Is Evidence**

No objection.

**Instruction No. 4: What Is Not Evidence**

No objection.

**Instruction No. 5: Direct and Circumstantial Evidence**

No objection.

**Instruction No. 6: Expert Opinion**

No objection.

**Instruction No. 7: Summary of Contentions**

Mentor Graphics objects to the discussion of the "features" of Synopsys' emulation systems, namely the "flexible probe and value change probe features," as unnecessary and prejudicial. Mentor Graphics understands based on statements of the Court that such discussion will be removed.

Mentor Graphics has no further objections to this instruction.

**Instruction No. 8: The Patent At Issue**

No objection.

**Instruction No. 9: The Role Of The Claims Of A Patent**

No objection.

**Instruction No. 10: How a Claim Defines What It Covers**

No objection.

**Instruction No. 11: Independent and Dependent Claims**

No objection.

**Instruction No. 12: Infringement Generally**

No objection.

**Instruction No. 13: Direct Infringement**

Mentor Graphics objects to the discussion of "flexible probes" and "value change probes" as unnecessary and prejudicial.

Mentor Graphics has no further objections to this instruction.

**Instruction No. 14: Indirect Infringement—Active Inducement**

No objection.

**Instruction No. 15: Indirect Infringement—Contributory Infringement**

No objection.

**Instruction No. 16: Damages—Generally**

No objection.

**Instruction No. 17: Lost Profits—"But For" Test**

Mentor Graphics objects to the statement at the end of the second paragraph, "and more products that are functionally related to those products." To show "but for" causation, Mentor Graphics must demonstrate a reasonable probability that "it would have made the sales that were made by the infringer." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed.Cir.1995) (en banc). There is no additional requirement that Mentor Graphics must demonstrate that it would have sold more "functionally related" products. Indeed, the Federal Circuit Bar Association Model Patent Jury instruction 6.2 makes clear that this language is an alternative requirement,

rather than an additional requirement.[1]  The addition of this language is unnecessary, prejudicial, and will confuse the jury.

Mentor Graphics objects to the recitation of the second *Panduit* factor to the extent it diverges from the Federal Circuit Bar Association Model Patent Jury Instruction 6.2.  In accordance with Model Instruction 6.2, the second *Panduit* factor should be recited as: "That there were no available, acceptable, noninfringing substitute products, or, if there were, its market share of the number of the sales made by Synopsys that Mentor Graphics would have made, despite the availability of other acceptable noninfringing substitutes."  *See* footnote 1.

In accordance with statements made by counsel for Mentor Graphics during the Pretrial Conference, the discussion of the second way of proving lost profits, the "entire market value rule," may be removed.

Mentor Graphics has no further objections to this instruction.

**Instruction No. 18: Lost Profits—Demand**

No objection.

**Instruction No. 19: Lost Profits—Non-Infringing Substitutes—Acceptability**

No objection.

**Instruction No. 20: Lost Profits—Capacity**

No objection.

**Instruction No. 21: Lost Profits—Amount of Profit**

---

[1] "To show this, [patent holder] must prove that, if there had been no infringement, [it would have made some portion of the sales that [alleged infringer] made of the infringing product,] [it would have sold more products that are functionally related to those products,] [it would have sold its products at higher prices,] [**OR** it would have had lower costs]."  Federal Circuit Bar Association Model Patent Jury Instruction 6.2.  (Available at http://memberconnections.com/olc/filelib/LVFC/cpages/9004/Library/2012%20Updated%20FCBA%20Model%20Patent%20Jury%20Instructions.pdf) (last visited October 1, 2014) (emphasis and capitalization added).

No objection.

**Instruction No. 22: Lost Profits—Market Share**

No objection.

**Instruction No. 23: Lost Profits—Collateral Sales**

Mentor Graphics objects to this instruction from the second sentence of the third paragraph on (starting at "Second …") as inapplicable to service agreements. Courts have held that lost sales of service agreements are compensable as lost profits where the patentee "can normally anticipate the sale of the unpatented components together with the patented components." *United Ristvedt-Johnson, Inc. v. Brandt, Inc.*, 805 F. Supp. 557, 565 (N.D. Ill. 1992) (*citing Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.*, 761 F.2d 649, 656 (Fed. Cir. 1985)). The above model is based on cases having substantially different underlying facts. *See, e.g., Rite-Hite*, 56 F.3d at 1549-50 (collateral products were unpatented dock levelers, a bridging platform sold with the patented truck restraints and used to bridge the edges of a vehicle and dock). Mentor Graphics requests an instruction that accurately addresses the facts of this case.

Mentor Graphics has no further objections to this instruction.

**Instruction No. 24: Reasonable Royalty—Generally**

No objection.

**Instruction No. 25: Reasonable Royalty—Definition**

No objection.

**Instruction No. 26: Reasonable Royalty—Relevant Factors**

No objection.

**Instruction No. 27: Date of Commencement of Damages—Products**

No objection.

**Instruction No. 28: Use of Notes**

    No objection.

**Instruction No. 29: Communication With Court**

    No objection.

**Instruction No. 30: Return of Verdict**

    No objection.

**Instruction No. 31: Glossary**

    No objection.

Dated:  October 1, 2014

By   */s/ Mark E. Miller*
JAMES E. GERINGER
PATRICK M. BIBLE
MARK W. WILSON
KLARQUIST SPARKMAN LLP

GEORGE A. RILEY
MARK E. MILLER
GEOFF H. YOST
MICHAEL SAPOZNIKOW
O'MELVENY & MYERS LLP

Attorneys for
MENTOR GRAPHICS CORPORATION